■ COPELCO CAPITAL, INC., Respondent, v CELLULARVISION OF NEW YORK, L.P., et al., Appellants, et al., Defendant. [716 NYS2d 95] —In an action, *inter alia*, to recover damages under Uniform Commercial Code article 2-A, the defendants Speed USNY.Com L.P., f/k/a CellularVision of New York, L.P., and CellularVision Capital Corporation, f/k/a Hye Crest Management, Inc., CellularVision of New York, L.P., appeal from a judgment of the Supreme Court, Nassau County (O'Connell, J.), entered June 29, 1999, which, upon an order of the same court entered June 11, 1999, *inter alia*, granting the plaintiff's motion for summary judgment against them on the first, fourth, and sixth causes of action, is in favor of the plaintiff and against them in the principal sum of $135,883.41.

Ordered that the judgment is affirmed, with costs.

A party moving for summary judgment must make a prima

facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (see, *Alvarez v Prospect Hosp.*, 68 NY2d 320; *Zuckerman v City of New York*, 49 NY2d 557). Here, the plaintiff demonstrated the absence of any material issue of fact with respect to its claim under the Uniform Commercial Code. Therefore, the motion was sufficient to make out a prima facie case for summary judgment (see, *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Zuckerman v City of New York, supra*). In opposition, the appellants failed to raise a triable issue of fact.

The appellants' remaining contentions are unpreserved for appellate review or without merit. O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.